PER CURIAM:
On July 16, 1991, the claimant, a resident of Triadelphia, Ohio County, was driving her vehicle on Route 40/3, also known as Gashell Run Road in Triadelphia. At the time of the accident, this single lane road had a dirt and gravel surface. The claimant asserts that the gravel on the road was six inches deep and this condition proximately caused damage to the exhaust system of her vehicle. The claimant alleges that her exhaust was torn off when her vehicle sank into the gravel and that if the road had been properly graded by respondent, the described damage may not have occurred. The claim is brought to recover $38.12 incurred by the claimant to repair the muffler.
Joseph Louis Reed, Ohio County Road Maintenance Supervisor for respondent, *120 testified that Route 40/3 was being prepared for a tar and chip paving operation to take place on or about July 15, 1991. He stated that “Men Working” signs were posted to warn the traveling public of this construction activity. He recalled that the claimant’s husband, Gary Marshall, had complained about the road on July 17, 1991, and that road maintenance personnel were dispatched to investigate. The witness testified that the road was found to be passable, but rough. By July 18, 1991, the tar and chip paving was completed.
The issue before the Court is whether the respondent had prior notice and a reasonable amount of time to correct the road defect before the claimant’s accident. The evidence indicates that the respondent was preparing the road surface for a tar and chip operation. After receiving the complaint from the claimant, respondent’s supervisor went to the location and experimented with different vehicles. A pickup truck and a smaller vehicle were both driven up the steep hill and neither vehicle appeared to be hampered by the thickness of the gravel.
The Court is of the opinion that the respondent did not create a hazardous condition by placing the gravel on the road. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court must deny this claim. Adkins v. Sims, 130 W. VA. 645, 46 S.E.2d 81 (1947).
In accordance with the findings of facts and conclusions of law as indicated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.